UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David V.-N.,                                           File No. 26-cv-775 (ECT/ECW)

                    Petitioner,

v.                                                     **OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of
Homeland Security*; Todd M. Lyons,
*Acting Director of Immigration and
Customs Enforcement*; David Easterwood,
*Acting Director, St. Paul Field Office
Immigration and Customs Enforcement*; and
Eric Tollefson, *Sheriff of Kandiyohi County*,

                    Respondents.

M. Boulette, Minneapolis, MN, for Petitioner David V.-N.

Ana H. Voss and Julie T. Le, United States Attorney's Office, Minneapolis, MN, for
Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner David V.-N. is a Mexican citizen who has lived in the United States since
approximately October 2018. Pet. [ECF No. 1] ¶¶ 7, 13. David "does not have a final
order of removal." *Id.* ¶ 14. On or around January 1, 2026, David was arrested by ICE
agents as part of "Operation Metro Surge." *Id.* ¶¶ 16–17. "The masked agents that detained
[David] did not present a warrant." *Id.* ¶ 16; *see also id.* ¶ 53. David is "currently being
held at the Kandiyohi County Jail in Willmar, Minnesota" with "no scheduled release
date." *Id.* ¶¶ 7, 20. Respondents do not contest any of the facts in David's Petition. *See*
ECF No. 6.

David challenges his detention under 28 U.S.C. § 2241.  Pet. ¶ 2.  He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing).  Pet. ¶¶ 23–30; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework).  According to David, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  *See* Pet. ¶¶ 31–47.  David seeks issuance of a writ of habeas requiring his immediate release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); issuance of an order enjoining his transfer out of this District during the pendency of his Petition; issuance of an order enjoining the "implement[ation of] any conditions of release, including ICE's 'Alternatives to Detention' measures, which include ankle monitors, body-worn GPS, telephonic tracking, or use of the SmartLINK Mobile Application"; and "any other and further relief that this Court may deem just and proper."  Pet. at 14–15.  In his reply brief, David also requests that he be released in Minnesota (if he has been moved), with "reasonable advance notice to counsel to arrange for a safe release," and "with all personal documents and effects taken upon detention, such as driver's license(s), passport(s), cell phone(s), immigration documents," as well as "all clothing and outerwear he was wearing at the time of his detention."  ECF No. 7 ¶ 14.

In a brief response, Respondents[1] state that David's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025).  *See* ECF No. 6.  This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

David has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country."  8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir.

---

[1]   When used in this Order, "Respondents" refers to the federal officials named as Respondents.  Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings.  *See* Dkt.

[2]   To the extent Respondents challenge this Court's subject-matter jurisdiction to consider David's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)."  *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). David has lived in the United States for over seven years.  *See* Pet. ¶ 13.  His detention falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that

---

[3]     Respondents do not argue that David is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), nor do they argue that a statutory scheme other than that raised in the Petition would apply to David's detention.  *See* ECF No. 6.

"[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving

the Attorney General discretion to detain or release 'the arrested alien' are likewise not

triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, David

alleges that no warrant was presented for his arrest, Pet. ¶ 16, and Respondents were

ordered to include in their Answer "[w]hether the absence of a warrant preceding [David's]

arrest necessitates [David's] immediate release," *see* ECF No. 4 at 2.  Respondents have

not produced a warrant, nor have they advanced any specific argument that David's release

is an unwarranted remedy.  *See* ECF No. 6.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful

predicate."  Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No.

25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*,

553 U.S. 674, 693 (2008)).  "Where the record shows Respondents have not identified a

valid statutory basis for detention in the first place, the remedy is not to supply one through

further proceedings."  *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at

*11 ("Since the Government did not comply with the plain language of section 1226(a),

[petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same);

*Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also*

*Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention.

The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4]    The resolution of this statutory-interpretation question in David's favor makes it
unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner David V.-N.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.       Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.       Respondents shall release Petitioner from custody as follows:

    a.       If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable without conditions, but not later than 48 hours after entry of this Order.

    b.       If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody without conditions.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 31, 2026                                  *s/ Eric C. Tostrud*
Time: 2:05 pm                                                  Eric C. Tostrud
                                                                          United States District Court